# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Hayward L. Rogers, | ) |
|       Plaintiff, | ) Case No. 2:20-cv-1508-TMC |
| vs. | ) |
| | ) **ORDER** |
| Bryan Sterling, | ) |
|       Defendant. | ) |

Plaintiff Hayward L. Rogers, proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging that he has sleep apnea and Defendant was deliberately indifferent to his medical needs when it rescheduled his appointment to receive a CPAP machine a number of times. (ECF No. 1). Plaintiff seeks $25 million in damages as well as injunctive relief to "prevent misconduct." *Id*. at 6. The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Plaintiff filed an application to proceed in forma pauperis (IFP) (ECF No. 2), and the magistrate judge issued a Report and Recommendation ("Report") recommending that the court deny Plaintiff's IFP application. (ECF No. 7). The magistrate judge found that Plaintiff is a frequent litigant and, over the years, "has accrued at least three strikes" under 28 U.S.C. § 1915(g), and concluded that Plaintiff must prepay the filing fee for this

action unless he can demonstrate he is "under imminent danger of serious physical injury." *Id*. at 2. The magistrate judge then found that Rogers failed to make a showing of "imminent danger" as he had been without a CPAP machine for a substantial period of time since being diagnosed with sleep apnea but had not suffered any serious medical problems as a result. *Id*. Accordingly, the magistrate judge recommended that Roger's IFP application be denied and that he be given 21 days to pay the filing fee before this action is dismissed. *Id.* at 3. Rogers filed objections to the Report, (ECF No. 9), and this matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Plaintiff filed objections to the Report, arguing that sleep apnea *can* result in serious medical problems and *can* even be fatal. (ECF No. 9). Plaintiff quoted at length from sources generally describing sleep apnea and its potentially fatal effects. However, Plaintiff did not indicate that *he personally* was likely to suffer any of the effects described. Plaintiff does not dispute that he has three strikes pursuant to §

2

1915(g) or that he has had a case dismissed pursuant to the three-strike rule. (ECF No. 1 at 9).

The court has thoroughly reviewed the Report, the record and Plaintiff's objections to the Report and finds no reason to depart from the Report's recommendations. Plaintiff's application to proceed IFP is **DENIED**. (ECF No. 2). **Plaintiff is granted twenty-one (21) days from the date of this order to pay the filing fee. If the fee is not paid in that time, the Clerk is directed to DISMISS this action without prejudice, deny all pending motions as moot, and close this case.**

IT IS SO ORDERED.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 20, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.